IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JASON R. REYNOLDS                                                                                    PLAINTIFF

v.                                       Civil No. 6:16-CV-06119-SOH-JRM

SGT. MORROW, *et. al.*                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court Order and his failure to prosecute. After careful consideration, the Court makes the following Report and Recommendation.

**1.     BACKGROUND**

Plaintiff filed his Complaint in the Eastern District of Arkansas on October 21, 2016. ECF No. 1. The case was transferred to this District on November 18, 2016. ECF No. 3. Plaintiff's Complaint was submitted without an *in forma pauperis* (IFP) application or filing fee. On November 21, 2016, Plaintiff was directed to submit a completed IFP application or submit his filing fee by December 6, 2016. ECF No. 6. The Order was not returned as undeliverable. Plaintiff did not respond. On December 9, 2016, Plaintiff was directed to show cause as to why he had failed to obey an Order of the Court by December 22, 2016. ECF No. 7.

Plaintiff filed an incomplete IFP application on December 9, 2016, stating the jail had refused to fill out and sign the certificate of inmate account. ECF No. 9. On December 13,

1

2016, the Court entered an Order directing the jail administrator to complete the certificate portion of the IFP application for Plaintiff by December 30, 2016. ECF No. 10. The certificate portion of the IFP application was filed on December 27, 2016. ECF No. 14. Plaintiff filed a second IFP application on January 10, 2017, stating he had been given the application by the guards and told to complete it. ECF No. 18. Based on these submissions, IFP status was granted on February 3, 2017. ECF No. 19. Shortly thereafter, it was brought to the Court's attention that Plaintiff was no longer incarcerated, therefore his responses on the prisoner IFP were no longer valid.

Plaintiff's IFP grant was terminated, and he was directed to complete a non-prisoner IFP application or pay the filing fee by February 17, 2017. ECF No. 20. This Order was not returned as undeliverable. Plaintiff has not responded.

Plaintiff has not communicated with the Court since January 10, 2017. ECF No. 18.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to

comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.    DISCUSSION**

Plaintiff failed to comply with the Court's Order directing him to file a non-prisoner IFP application or pay the filing fee. Plaintiff failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Order, and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.    CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the

Federal Rules of Civil Procedure and Local Rules, has failed to comply with the Court's Orders, and has failed to prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 3rd day of April, 2017.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE